**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANDREA WESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-1604 |
| | § | |
| CHASE MORTGAGE CORPORATION, | § | |
| CHASE MANHATTAN MORTGAGE | § | |
| CORPORATION, JPMORGAN CHASE | § | |
| BANK, NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is one of many cases that followed the home-mortgage loan crisis.  A homeowner, Andrea Weston, is attempting to forestall foreclosure on her home despite an acknowledged default in her obligations under her home mortgage.  She sued in state court, challenging the mortgage holder's ability to enforce the Promissory Note and Deed of Trust she signed and seeking an injunction and declaratory judgment stating that she has the right to retain the home.  (Docket Entry No. 1-1).  The banks timely removed.  (Docket Entry No. 1).

This case is the second effort to obtain relief.  The plaintiff's husband, Felix Weston, who also signed the Note and Deed of Trust, filed essentially the same claims in an earlier lawsuit, against the same defendants, seeking the same relief.  *See Felix Weston v. Chase Mortg. Corp. et al.*, No. 4:13-cv-2376.   The federal district court ruled against Felix Weston, in favor of the defendants, and dismissed the claims with prejudice.  *Id.* (Docket Entry No. 10).  Felix Weston was represented by the same lawyer who represents Andrea Weston in the present case.

The defendants in this case have moved to dismiss for failure to state a claim, based on claim preclusion and on the documents properly considered in such a motion.  (Docket Entry No. 3). Andrea Weston responded, and the defendants have replied.  (Docket Entry No. 5, 6).  On July 28, 2014, the court held an initial conference and heard argument on the motion.  After argument, the court permitted Andrea Weston to file a supplemental brief on the claim-preclusion issue by August 11, 2014, and she timely complied.

Based on the motion, response, reply, and surreply, the pleadings, and the applicable law, this court grants the motion to dismiss.  Because amendment would be futile, the dismissal is with prejudice.  Final judgment is entered by separate order.

The reasons are explained below.

## I.    Background

Andrea Weston and her husband, Felix Weston, obtained a mortgage loan from Union Planters Bank, N.A. in the amount of $170,500.00 in September 1999 to purchase a home.  (Docket Entry No. 1-1 ¶ 10).  They signed a Note and Deed of Trust stating that they owed $170,500.00 to Union Planters and its successors and assignees.  (*Id.*).  Union Planters assigned the Note and Deed of Trust to the Chase Mortgage Corporation, which in turn assigned the Note and Deed of Trust to Chase Manhattan Mortgage Corporation.  (*Id.*; Docket Entry No. 3-5).  The assignments were recorded in the Harris County public records.  Public records also contain certificates of merger between Chase Mortgage Corporation and Chase Manhattan Mortgage Corporation, (Docket Entry No. 3-7), and between Chase Manhattan Mortgage Corporation into Chase Home Finance LLC, (Docket Entry No. 3-8), and of Chase Home Finance LLC into JP Morgan Chase Bank, N.A., (Docket Entry No. 30-9).  The Westons defaulted on the Note and JPMorgan Chase began foreclosure proceedings.

Felix Weston filed suit in state court in 2013 and obtained a TRO preventing the foreclosure sale scheduled to begin in August 2013.  The suit was timely removed.  In an amended pleading, Felix Weston alleged that he was the borrower on the Note and Deed of Trust and alleged that the mortgage holder and servicer—the same defendants sued in this case—lacked standing to foreclose because of defects in the assignments and transfers of the Note and Deed of Trust.  Felix Weston asserted a right to quiet title and sought a declaratory judgment that the defendants had no enforceable interest in the property, could not proceed with the foreclosure, and were in violation of Texas law for attempting to do so.  The district court granted the motion to dismiss and denied the motion for rehearing, entering final judgment.

In June 2014, Andrea Weston filed suit in state court and obtained a TRO halting the June 2014 scheduled foreclosure of the same home, based on the same Note and Deed of Trust.  (Docket Entry No. 1-1).  Andrea Weston made the same allegations of defective assignment and transfer and asserted the same claims—that the defendants lacked standing to foreclose and had no enforceable interest in the property—and sought the same quiet title and declaratory judgment relief as in the earlier lawsuit Felix Weston filed.

The defendants timely removed and moved to dismiss for failure to state a claim.  The defendants argue that the final judgment dismissing Felix Weston's suit precludes Andrea Weston's claims and that documents of public record defeat the claims asserted as a matter of law.  Andrea Weston's response to the preclusion argument was to accuse the defendants of sex discrimination. In her surreply, Andrea Weston asserts that spouses are not in privity with each other and that the absence of privity prevents the application of claim preclusion.  Her response to the argument that the public records show valid assignments and transfers is to allege that the necessary documents

3

have not been produced to prove that the mortgage holder and servicer have standing and that the original Note has not been produced.  (Docket Entry No. 5).

The arguments and responses are discussed below.

## II.    The Legal Standard for Motions to Dismiss and For Leave to Amend

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008).  The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 677.

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  [C]ourts may also consider matters of which they may take judicial notice."  *Id.* at 1017–18.  A court may, however, "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001).  The court may consider such extrinsic materials as matters of public record without converting the motion into one seeking summary judgment.

4

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))); *Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011).

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Id.* (internal quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir.

2010).  A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted."  *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).  "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility.  *Id.* (internal quotation marks omitted).

## III.   Analysis

### A.   Claim Preclusion

Res judicata encompasses two related doctrines: claim preclusion and issue preclusion.  *See Taylor v. Sturgell,* 553 U.S. 880, 892 (2008); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir.2005).  Claim preclusion "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  *Test Masters*, 428 F.3d at 571 (citing *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir.2004).  Demonstrating that claim preclusion bars a plaintiff's claims requires a defendant to show that: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."  *Id.* (citation omitted).

The defendants are the same in both actions.  Andrea Weston argues that the fact that the plaintiff in the earlier action was her husband and co-borrower on the mortgage Note and Deed of Trust defeats claim preclusion and that to argue otherwise is a "blatant degradation of her rights as a female to represent her own interests without a man."  (Docket Entry No. 5 at 11).  The court readily agrees that women have well-recognized rights to enforce their interests on their own behalf.  But this argument does not acknowledge, much less respond, to the first point of the preclusion analysis—were the plaintiffs in the two suits in privity, so that the first suit precludes the second.  The supplemental response Andrea Weston filed is responsive but unpersuasive.

6

In *Cuauhtli v. Chase Home Fin. LLC*, 308 F. App'x 772 (5th Cir. 2009), the Fifth Circuit found that a suit brought by a foreclosed homeowner and a subsequent suit brought by her husband asserting different legal theories of liability for the allegedly improper foreclosure of their home arose out of the same transaction such that the husband's suit was barred by res judicata when the defendant was granted summary judgment in the first suit.  The district court had concluded that, although the husband and his wife were not identical parties, their relationship was sufficient for claim preclusion purposes.  The appellate court affirmed, stating:

> The Supreme Court has articulated six exceptions to the identical party rule, one of which applies when preclusion can be justified based on the "substantive legal relationship" between the nonparties.  *Taylor v. Sturgell*, 553 U.S. 880 (2008).  Though "close family relationships are not sufficient by themselves to establish privity with the original suit's party, or to bind a nonparty to that suit by the judgment entered therein," more is present here.  *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 863 (5th Cir.  1985). . . . Under Texas law, a "fiduciary duty exists between a husband and a wife regarding the community property controlled by each spouse." *Loaiza v. Loaiza*, 130 S.W.3d 894, 900 (Tex. App.–Fort Worth 2004). . . .[T]his fiduciary relationship is the type of "substantive legal relationship" that satisfies the first res judicata requirement.

*Cuauhtli,* 308 Fed. Appx. at 773–74 (some internal citations omitted).  The same result applies here. The secondary authorities and the state-law cases from other districts that Andrea Weston relies on in her surreply do not support a different result.  (Docket Entry No. 9 nn. 1–6).  *Taylor v. Sturgell*, 128 S.Ct. 2167 (2008), does not require a different result because this case involves privity, not virtual representation.

The remaining claim preclusion elements are clearly met.  The federal court had diversity jurisdiction over the prior action.  The motion to dismiss was granted when the plaintiff failed to respond, without prejudice.  An amended complaint was filed; the defendants moved to dismiss that complaint; the plaintiff failed to respond; and the court granted the motion with prejudice.  The

plaintiff moved for reconsideration, and the court set a deadline for the plaintiff to brief two threshold issues. The plaintiff failed to do so, and the motion was denied. (Docket Entry No. 3, Exs. B, C). "A dismissal with prejudice is a final judgment on the merits." *Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003). "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendant, by court or jury, can rise no higher than this." *Schwarz v. Folloder*, 767 F.2d 125, 129–30 (5th Cir.1985). The dismissal with prejudice in the prior case was a final judgment on the merits, satisfying the third prong of the test.

To determine whether a case involves the same claim or cause of action as the prior case, the Fifth Circuit uses the transactional test, under which "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Cuauhtli*, 308 F.App'x. at 774. In *Cuauhtli*, the court held that the suit brought by a foreclosed homeowner and the subsequent suit brought by her husband for the allegedly improper foreclosure of their home arose out of the same transaction. The husband's suit was barred by res judicata when the defendant was granted summary judgment in the first suit.

The present case and the prior action assert claims related to allegedly improper foreclosure efforts on the home, based on the same Note and Deed of Trust. The plaintiffs in both cases argue deficiencies in the assignments and transfers of the home. Both suits arise out of the same transaction, the mortgage and foreclosure of the Westons' home. The Fifth Circuit's transactional test is met. Andrea Weston's claims against the defendants must be dismissed as barred by claim preclusion, or res judicata.

### B.      The Claim that the Defendants Have No Right to Foreclose

Even aside from preclusion, Andrea Weston's claims fail as a matter of law. In both suits, the Westons contended that the defendants may not foreclose because of alleged defects in the assignment and transfer of the Note and Deed of Trust. The uncontroverted documents in the record establish that the Note and Deed of Trust were assigned and transferred through instruments filed in the public records.

The Fifth Circuit has also held, in a very similar case, that plaintiffs like the Westons lack standing to challenge facially valid assignments. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013) ("[U]nder Texas law, facially valid assignments cannot be challenged by want of authority except by the defrauded assignor."); *Golden v. Wells Fargo Bank, N.A.*, No. 13–50158, 2014 WL 644549, at *2 (5th Cir. Feb. 20, 2014) (per curiam) (unpublished) (same); *see also Fulcrum Enters., LLC v. Bank of Am., N.A.*, No. 13-cv-1930, 2014 WL 1669098, at *3 (S.D. Tex. Apr. 25, 2014); *Lopez v. Sovereign Bank, N.A.*, No. 13-cv-1429, 2014 WL 1315834, at *7 (S.D. Tex. Mar. 31, 2014).

The Fifth Circuit has also rejected the "show-me-the-note-theory" of liability, which Andrea Weston asserts. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–54 (5th Cir. 2013). The courts "have roundly rejected this theory and dismissed the claims, because foreclosure statutes simply do not require possession or production of the original note." *Id.* at 253. Under Texas law, existence of a note may be established by a photocopy of the promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note. *Id.* at 254. There is no deficiency in the evidence of the Note and Deed of Trust at issue here. The original, signed note need not be produced in order to foreclose.

The defendants, as the assignees of the validly assigned Deed of Trust, have the legal authority to foreclose. The claims that there were defects in the assignments of the Note and Deed

of Trust precluding foreclosure or other deficiencies in the evidence of the Note and Deed of Trust are dismissed.  The dismissal is with prejudice, because further amendment could not cure the pleading deficiency and would be futile.

### C.    The Quiet Title Claim

Under Texas law, "[a] suit to clear or quiet title—also known as suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).  This equitable action "exists to 'enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (1886)).  The elements of a quiet-title claim are: "(1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable." *Cruz v. CitiMortgage, Inc.*, No. 11-cv-2871, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ denied)).  "To quiet title in his favor, the plaintiff 'must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'" *Wells v. BAC Home Loans Servicing, L.P.*, No. 10-cv-350, 2011 WL 2163987, at *4 (W.D. Tex. Apr. 26, 2011) (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)).

The complaint did not allege facts that would show that the plaintiff's claim to the property is superior to the defendants' claim.  First, Weston does not dispute that she is in default on the mortgage and there is no pleading that she has tendered the amount due on the loan as necessary to assert a claim for "recovery of title." *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp.

2d 585, 591 (N.D. Tex. 2012).  She "does not assert a superior title, and alleges no facts to support a superior claim."  *Bell v. Bank of Am. Home Loan Servicing LP*, 11-cv-02085, 2012 WL 568755, *7 (S.D. Tex. Feb. 21, 2012).  As noted, the copies of the assignments of the Note and Deed of Trust in the record establish an unbroken chain of title to the property to the party that sought to foreclose, and demonstrate the superiority of the defendants' title to the property.

Andrea Weston has failed to state a claim to quiet title.  This claim is dismissed, with prejudice, because future amendment would be futile.

## IV.   Conclusion

The defendants' motion to dismiss, (Docket Entry No. 3), is granted.  Andrea Weston's claims are dismissed, with prejudice.  Final judgment is separately entered.

SIGNED on August 12, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

11